ELTON H. BYNUM, Plaintiff v. FREDRICKSON MOTOR EXPRESS CORPORATION, Defendant

No. 9227SC905

(Filed 21 September 1993)

**Master and Servant § 87 (NCI3d) — Workers' Compensation Act exclusive remedy — defendant's alleged misconduct intentional — complaint insufficient to establish subject matter jurisdiction**

Plaintiff's complaint failed to state a claim against defendant employer under *Woodson v. Rowland*, 329 N.C. 330, where plaintiff alleged that he was operating a forklift on the back of a truck; a co-worker moved the truck, causing plaintiff and the forklift to fall to the ground; the co-worker had previously engaged in a negligent act which resulted in serious injury to another employee; and defendant employer had retained the co-worker without retraining him or providing safety instructions to him.

**Am Jur 2d, Master and Servant §§ 139, 140.**

Appeal by plaintiff from an order setting aside entry of default and default judgment in plaintiff's favor entered 30 July 1992 in Gaston County Superior Court by Judge Robert P. Johnston. Heard in the Court of Appeals 1 September 1993.

This action was commenced by plaintiff on 5 February 1992, alleging that plaintiff suffered personal injuries when the trailer in which he was operating a forklift was moved by a co-worker causing plaintiff and the forklift to fall six feet to the ground. Plaintiff filed a workers' compensation claim and brought this action

against defendant. In his complaint, plaintiff alleged that defendant, by failing to retrain or discharge the co-worker who caused plaintiff's injuries with knowledge of previous accidents involving this same co-worker, intentionally engaged in misconduct knowing it was substantially certain to cause serious injury.

Defendant notified its workers' compensation carrier, Amerisure Insurance Company (Amerisure), of both the workers'compensation claim and the civil complaint on the day defendant received the complaint. Amerisure assumed responsibility for the workers' compensation complaint but did not attempt to represent defendant in this action. Defendant did not obtain separate representation, and no answer or other responsive pleading was filed in this case. Plaintiff obtained entry of default, and on 3 April 1992 default judgment in the amount of $800,000 was entered against defendant.

Defendant's Rule 60(b) motion to set aside entry of default and default judgment was granted and plaintiff appeals.

*Don H. Bumgardner and William K. Goldfarb for plaintiff-appellant.*

*Jones, Hewson & Woolard, by R.G. Spratt, III and Harry C. Hewson; and Constangy, Brooks & Smith, by John J. Doyle, Jr., for defendant-appellee.*

WELLS, Judge.

The trial court granted defendant's motion to set aside the default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) of the Rules of Civil Procedure, on the grounds of excusable neglect. The question of subject matter jurisdiction was presented to but not ruled upon by the trial court. Defendant argues in his brief that the trial court lacked subject matter jurisdiction because plaintiff's exclusive remedy for his alleged injuries was under our Workers' Compensation Act, and therefore the judgment below is void and of no effect.

Our Workers' Compensation Act provides:

Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his busi-

ness shall only be liable to any employee for personal injury . . . by accident to the extent and in the manner herein specified.

N.C. Gen. Stat. § 97-9.

Section 97-10.1 provides:

If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee . . . shall exclude all other rights and remedies of the employee . . . as against the employer at common law or otherwise on account of such injury . . . .

N.C. Gen. Stat. § 97-10.1.

There is no dispute that plaintiff and defendant in this case are subject to the provisions of the Workers' Compensation Act. Plaintiff contends, however, that he has stated a claim under the exception to the exclusivity provisions under the Act recognized by our Supreme Court in *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991). Accordingly, we must review the factual allegations in the plaintiff's complaint against the *Woodson* rule.

Plaintiff alleged in his complaint:

5. That while the plaintiff was in the trailer picking up freight and starting back out of the trailer, the said co-employee . . . [Wilkerson] got in the truck attached to the trailer and without checking as to the position of the plaintiff, drove the trailer away from the dock causing the plaintiff to pitch forward out of the trailer onto the pavement in the forklift that he was operating causing serious, permanent and grievous injury to his body.

6. That the defendant, Fredrickson Motor Lines, was negligent to such an extent that they knew, or should have known, that their employee, Wilkerson's conduct was substantially certain to cause serious injury or death to employees and that said conduct on behalf of the employer was intentional in the following respects:

(a) The defendant, employer knew of the propensity of its employee, Wilkerson to act without caution or circumspect [sic] in his working with co-workers and that

the said co-worker had had a previous act of negligence which resulted in serious injury to a co-worker and that afterwards the defendant failed to discharge the said Wilkerson employee, failed to properly retrain the employee, failed to provide substantial safety guidelines for their fellow employees, and failed to warn and remonstrate with the defendant, co-employee, Wilkerson.

7. That the defendant's act in failing to correct the employee and to provide a safe working environment for those forced to work with the employee, Wilkerson, was an act of intentional misconduct entitling the plaintiff to recovery.

In *Woodson*, our Supreme Court held that:

[W]hen an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the Act.

*Woodson, supra.*

The reasoning underpinning the Court's holding in *Woodson* is helpful to our resolution of this case.

Our holding is consistent with general concepts of tort liability outside the workers' compensation context. The gradations of tortious conduct can best be understood as a continuum. The most aggravated conduct is where the actor actually intends the probable consequences of his conduct. One who intentionally engages in conduct knowing that particular results are substantially certain to follow also intends the results for purposes of tort liability. Restatement (Second) of Torts § 8A and comment b (1965) (hereinafter "Rest. 2d of Torts"). "[I]ntent is broader than a desire to bring about physical results. It extends not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what the actor does." W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 8, at 35 (5th ed. 1984) (hereinafter "Prosser"). This is the doctrine of "constructive intent." "As the probability that a

**BYNUM v. FREDRICKSON MOTOR EXPRESS CORP.**

[112 N.C. App. 125 (1993)]

[certain] consequence will follow decreases, and becomes less than substantially certain, the actor's conduct loses the character of intent, and becomes mere recklessness. . . . As the probability decreases further, and amounts only to a risk that the result will follow, it becomes ordinary negligence." Rest. 2d of Torts § 8A, comment b.

Prosser discusses the tortious conduct continuum:

> Lying between intent to do harm, which . . . includes proceeding with knowledge that the harm is substantially certain to occur, and the mere unreasonable risk of harm to another involved in ordinary negligence, there is a penumbra of what has been called "quasi-intent." To this area, the words "willful," "wanton," or "reckless," are customarily applied; and sometimes, in a single sentence, all three.

In North Carolina we follow, applying our own terminology, the basic rules discussed in the Restatement and Prosser.

*Woodson, supra.*

"The substantial certainty standard satisfies the [Workers' Compensation] Act's purposes of providing trade-offs to competing interests and balancing these interests, while serving as a deterrent to *intentional wrongdoing* and promoting safety in the workplace." *Woodson, supra.* (Emphasis added) (Citation omitted).

Plaintiff did not file a reply brief in response to defendant's subject matter jurisdiction argument; however, at oral argument, plaintiff vigorously contended that under our well-recognized rule of "notice" pleading, he has successfully asserted a *Woodson* claim. We cannot agree. We are of the opinion, and so hold, that in cases where the exclusivity of the Act would otherwise apply [involving accidents], in order to establish subject matter jurisdiction, the complaint must reveal facts showing such dangerous or hazardous conduct or circumstances that injury was substantially certain to occur. In the case before us, this requirement has not been met.[1] It is not sufficient, as plaintiff contends, to merely allege that defendant's misconduct was "intentional."

---

1. We have not overlooked the language in *Woodson* which appears to recognize negligent hiring or retention of a fellow employee as a basis for a common law action for personal injury. Two of the cases cited by the Court in that context, *Pleasants v. Barnes*, 221 N.C. 173, 19 S.E.2d 627 (1942) and *Walters v. Durham*

For the reasons stated, we are of the opinion, and so hold, that plaintiff in this case cannot maintain the claim for relief he asserted in this action.[2]

For lack of subject matter jurisdiction in the general courts of justice, this action must be dismissed. *See* N.C. Gen. Stat. § 7A-240 (1989).

Accordingly, we remand this case to the trial court for entry of judgment dismissing this action.

Remanded with instructions.

Judges ORR and McCRODDEN concur.

---

*Lumber Co.*, 163 N.C. 536, 80 S.E. 49 (1913) did not address or deal with the exclusivity of the Workers' Compensation Act. The third case cited by the Court, *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E.2d 140 (1986) involved a sexual harassment claim, and this Court there held that because such activity did not arise out of or occur within the scope of the fellow employee's employment, the claim was neither covered nor barred by the Act.

2. For a helpful discussion of *Woodson* and its implications, *see*, David L. Lambert, Comment, *From* Andrews *to* Woodson *and Beyond: The Development of the Intentional Tort Exception to the Exclusive Remedy Provision-Rescuing North Carolina Workers From Treacherous Waters*, 20 N.C. Cent. L.J. 164 (1992).