42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TRAVELERS INSURANCE COMPANY, Plaintiff-Appellee,
v.
NOBLE OIL SERVICES, INCORPORATED, Defendant-Appellant, and
CHEROKEE SANFORD GROUP, INCORPORATED; Russell Wayne
Matthews; Diane Matthews, Defendants.
 No. 94-1598.
 United States Court of Appeals, Fourth Circuit.
 Argued November 1, 1994.
Decided December 7, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-92-840)
 Argued: Susanna K. Gibbons, Poyner & Spruill, L.L.P., Raleigh, NC, for appellant. Richard Temple Rice, Womble, Carlyle, Sandridge & Rice, P.L.L.C., Winston-Salem, NC, for appellee. On brief: Cecil W. Harrison, Jr., Robin Tatum Morris, Poyner & Spruill, L.L.P., Raleigh, NC, for appellant. Richard H. Sasser, III, Womble, Carlyle, Sandridge & Rice, P.L.L.C., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Upon being sued in North Carolina state court by Russell Wayne Matthews ("Matthews"), an employee injured in a truck explosion, appellant Noble Oil Services ("Noble") asked its insurer, appellee The Travelers Insurance Company ("Travelers"), to defend and indemnify it. Travelers thereupon brought a declaratory judgment action in federal district court seeking a declaration that it was not obligated to defend or indemnify Noble. The district court granted judgment on the pleadings for Travelers, holding that the intentional injury exclusion in Noble's insurance policy relieved Travelers of any obligation to defend or indemnify. We affirm.
 
 
 2
 The insurance policy that Travelers issued to Noble expressly excluded from coverage "bodily injury intentionally caused or aggravated by [Noble]." J.A. at 104 (Part II.C.). Accordingly, Travelers owed no duty to defend or indemnify Noble against claims seeking damages for such intentionally-caused bodily injury. Id. (Parts II.B. and II.D.).
 
 
 3
 Determining whether Matthews' complaint alleges that Noble intentionally caused his injuries requires a brief review of the workers' compensation laws of North Carolina. As a general rule, the North Carolina Workers' Compensation Act provides the exclusive remedy for injuries suffered by employees in the course of their employment, see N.C. Gen.Stat. Secs. 97-9, 97-10.1; North Carolina courts are without jurisdiction to hear employee injury claims, which instead must be heard by the North Carolina Industrial Commission, see Bynum v. Fredrickson Motor Express Corp., 434 S.E.2d 241, 244 (N.C.App.1993). In Woodson v. Rowland, 407 S.E.2d 222 (N.C.1991), however, the North Carolina Supreme Court carved out an exception to this general rule. The court in Woodson held that
 
 
 4
 when an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee ... may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the [Workers' Compensation] Act.
 
 
 5
 Id. at 228.
 
 
 6
 Matthews' state court complaint alleges that
 
 
 7
 Noble intentionally failed to ascertain the proper use of hydrogen peroxide despite knowing that it was a hazardous chemical, and/or Noble knew how to properly use hydrogen peroxide yet intentionally failed to provide Wayne Matthews with any warnings or instructions as to its use, and further failed to insure that its vacuum tank was not contaminated by any substances which would cause an explosive reaction from [sic] the hydrogen peroxide. It was substantially certain that Noble's intentional failure to properly instruct and warn Wayne Matthews in the use of hydrogen peroxide would cause him serious injury such as he sustained in the July 16, 1992 explosion.
 
 
 8
 J.A. at 38, p 40 (emphasis added). The complaint clearly is designed to state a Woodson claim, and for purposes of this appeal we must assume that it does. If, as Noble argues, the complaint contains insufficient factual allegations to state a Woodson claim, Matthews' state court action is barred by the exclusivity provisions of the North Carolina Workers' Compensation Act, leaving no state court claim for Travelers to defend or indemnify. See Bynum, 434 S.E.2d at 244 (ordering dismissal of deficient Woodson claim for lack of subject matter jurisdiction).*
 
 
 9
 Noble argues that even if Matthews' complaint is viewed as stating a Woodson claim, it does not fall under the intentional injury exclusion because it alleges only that Noble intended its actions, and not the resulting injuries. We reject this argument, agreeing with the district court that "in order to allege a cause of action under Woodson and circumvent the workers' compensation law the plaintiff must necessarily allege that the injury as well as the act was intentional." Memorandum of Decision at 7. See Woodson, 407 S.E.2d at 229 ("One who intentionally engages in conduct knowing that particular results are substantially certain to follow also intends the results for purposes of tort liability.") (emphasis added) (citing Restatement (Second) of Torts Sec. 8A and cmt. b (1965)). Because the Matthews state court complaint effectively alleges that Noble intended Matthews' injuries, the Matthews action falls squarely within the scope of the intentional injury exclusion, and Travelers is under no obligation to defend or indemnify Noble.
 
 CONCLUSION
 
 10
 For the reasons stated herein, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Travelers fully acknowledges that it is obligated to defend and indemnify Noble in connection with any action Matthews might bring before the North Carolina Industrial Commission, and indeed informed the court at argument that it is currently doing so