DORA POWELL, As Administratrix of the Estate of TIMOTHY GWAN POWELL (Deceased) v. S & G PRESTRESS COMPANY, THE ARUNDEL COMPANY, MICHAEL MEANS and RICHARD SCHOUTEN

No. 260A94

(Filed 3 November 1995)

**Workers' Compensation § 62 (NCI4th)— Woodson claim not maintainable—language disavowed**

The decision of the Court of Appeals that plaintiff may not maintain this *Woodson* action against the employer of her intestate is affirmed. However, language in the Court of Appeals decision suggesting that the Restatement (Second) of Torts § 8A illus. 1 illustrates the type of conduct required to satisfy the *Woodson* "substantial certainty" test is disavowed.

**Am Jur 2d, Workers' Compensation §§ 75-87.**

**What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.**

POWELL v. S & G PRESTRESS CO.

[342 N.C. 182 (1995)]

**Workers' compensation law as precluding employee's suit against employer for third person's criminal attack. 49 ALR4th 926.**

Justice ORR did not participate in the consideration or decision of this case.

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 319, 442 S.E.2d 143 (1994), affirming orders of summary judgment for the defendants entered by Brown (Frank R.), J., on 15 February 1993 and 18 February 1993 in Superior Court, New Hanover County, and by DeRamus, J., on 11 March 1993 in Superior Court, New Hanover County. Heard in the Supreme Court on 11 September 1995.

*William H. Dowdy for plaintiff-appellant.*

*Johnson & Lambeth, by Beth M. Bryant and Robert White Johnson, for defendant-appellees.*

*Patterson, Harkavy & Lawrence, by Burton Craige, for the North Carolina Academy of Trial Lawyers, amicus curiae.*

*Cranfill, Sumner & Hartzog, L.L.P., by David H. Batten and Edward C. LeCarpentier III, for the North Carolina Association of Defense Attorneys, amicus curiae.*

PER CURIAM.

The decision of the Court of Appeals is affirmed.

However, as in *Mickles v. Duke Power Co.*, 342 N.C. 103, 463 S.E.2d 206 (1995), we disavow the language of the Court of Appeals in its decision in this case suggesting that Restatement (Second) of Torts § 8A illus. 1 (1965) is illustrative of the type of conduct required to satisfy the "substantial certainty" test of *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991).

AFFIRMED.

Justice ORR did not participate in the consideration or decision of this opinion.