CYNTHIA L. ECHOLS v. ZARN, INC. AND EDITH BARNETT

No. 538A94

(Filed 3 November 1995)

**1. Workers' Compensation § 69 (NCI4th)— civil action against co-employee not maintainable**

The decision of the Court of Appeals that plaintiff may not maintain this action for damages against her co-employee pursuant to *Pleasant v. Johnson*, 312 N.C. 710, is affirmed.

**Am Jur 2d, Workers' Compensation § 99.**

**2. Workers' Compensation § 62 (NCI4th)— Woodson claim not maintainable—substantial certainty test—language disavowed**

The decision of the Court of Appeals that plaintiff may not maintain this action against her employer pursuant to *Woodson v. Rowland*, 329 N.C. 330, is affirmed. However, language of the Court of Appeals in *Echols v. Zarn, Inc.*, 116 N.C. App. 364, suggesting that the Restatement (Second) of Torts § 8A illus. 1 illustrates misconduct which satisfies *Woodson's* "substantial certainty" test is disavowed.

**Am Jur 2d, Workers' Compensation § 75.**

Justice ORR did not participate in the consideration or decision of this case.

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 116 N.C. App. 364, 448 S.E.2d 289 (1994), affirming judgment for defendant entered by Albright, J., at the 25 January 1993 Civil Session of Superior Court, Rockingham County. On 2 March 1995, this Court allowed discretionary review of an additional issue. Heard in the Supreme Court 11 September 1995.

*Patterson, Harkavy & Lawrence, by Donnell Van Noppen III, Melinda Lawrence, and Maxine Eichner, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Reid C. Adams, Jr., and Jonathan B. Mason, for defendant-appellee.*

**ECHOLS v. ZARN, INC.**

[342 N.C. 184 (1995)]

PER CURIAM.

[1]  With respect to plaintiff's first assignment of error as to whether she may maintain this action for damages against her co-employee, Edith Barnett, pursuant to the holding in *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985), we affirm the decision of the Court of Appeals.

[2]  With respect to plaintiff's second assignment of error as to whether she may maintain this action against her employer, Zarn, Inc., pursuant to the holding in *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991), we also affirm the decision of the Court of Appeals. However, as we did in *Mickles v. Duke Power Company*, 342 N.C. 103, 463 S.E.2d 206 (1995), we disavow the language of the Court of Appeals in *Echols v. Zarn, Inc.*, 116 N.C. App. 364, 378, 448 S.E.2d 289, 297 (1994), suggesting that the Restatement (Second) of Torts illustrates misconduct which satisfies *Woodson*'s "substantial certainty" test. Restatement (Second) of Torts provides as follows:

> A throws a bomb into B's office for the purpose of killing B. A knows that C, B's stenographer, is in the office. A has no desire to injure C, but knows that his act is substantially certain to do so. C is injured by the explosion. A is subject to liability to C for an intentional tort.

Restatement (Second) of Torts § 8A illus. 1 (1965).

> As we stated in *Mickles*,

> [a]ccording to well-known principles of tort liability, one who intentionally engages in conduct knowing that particular results are substantially certain to follow also intends those results for purposes of tort liability. *See Woodson*, 329 N.C. at 341, 407 S.E.2d at 229. In the above example, A is *actually* certain his act will injure or kill C. A successful claim under the *Woodson* exception does not require such actual certainty.

*Mickles*, 342 N.C. at 110, 463 S.E.2d at 211.

AFFIRMED.

Justice ORR did not participate in the consideration or decision of this case.