KIMBERLY J. PASTVA, Individually and as Administratrix of the ESTATE OF DAVID S. PASTVA and JOSEPH W. HENZLER, Plaintiff-Appellants v. NAEGELE OUTDOOR ADVERTISING, INC., d/b/a FAIRWAY OUTDOOR ADVERTISING, Defendant-Appellee

No. COA95-483

(Filed 5 March 1996)

## Workers' Compensation § 62 (NCI4th)— *Woodson v. Rowland* claim—sufficiency of complaint

Plaintiffs' complaint was sufficient to state a claim under *Woodson v. Rowland*, 329 N.C. 330, where it alleged that plaintiffs were employees of defendant who were instructed by defendant to work on a particular billboard which collapsed causing them injury; the collapse was caused by a structural failure of critical components of the billboard; the structural failure was caused in part by defendant's use of improper components and in part by improperly moving the billboard; defendant did not perform any inspections on the billboard and did not provide any training in workplace safety; defendant had actual knowledge that the billboard was unsafe and dangerous immediately before it collapsed; defendant had been cited and fined numerous times by governmental authorities for workplace safety violations; subsequent to the collapse, defendant was cited for failing to furnish a place of employment free of recognized hazards; subsequent to the collapse defendant acknowledged that the collapse would not have occurred but for defendant's acts, conduct and omissions with

**PASTVA v. NAEGELE OUTDOOR ADVERTISING**

[121 N.C. App. 656 (1996)]

regard to the billboard; and the acts and omissions of defendant constituted intentional conduct which defendant knew was substantially certain to cause serious injury or death.

**Am Jur 2d, Workers' Compensation §§ 75-80.**

**What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.**

**Employer's tort liability to worker for concealing workplace hazard or nature or extent of injury. 9 ALR4th 778.**

Judge WYNN concurring.

Appeal by plaintiffs from order entered 8 March 1995 in Guilford County Superior Court by Judge James E. Ragan. Heard in the Court of Appeals 1 February 1996.

*Donaldson & Horsley, P.A., by Jeffrey K. Peraldo, for plaintiff-appellants.*

*Pinto, Coates & Kyre, L.L.P., by Paul D. Coates and David L. Brown, for defendant-appellee.*

GREENE, Judge.

Kimberly Pastva, individually and as administratrix of the estate of David Pastva, and Joseph Henzler (plaintiffs), appeal an order granting Naegele Outdoor Advertising Inc., d/b/a Fairway Outdoor Advertising (defendant), its motion to dismiss plaintiffs' complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Plaintiffs allege that: (1) they were employees of the defendant; (2) they were instructed by the defendant to work on a particular billboard; (3) the billboard collapsed causing injuries to the plaintiffs; (4) the collapse was caused by a structural failure of critical components of the billboard; (5) the structural failure was caused in part by the defendant's use of improper components and in part by improperly moving the billboard; (6) the defendant did not perform any inspections on the billboard; (7) the defendant did not provide any training in workplace safety; (8) the defendant had actual knowledge that the billboard was unsafe and dangerous immediately before it collapsed;

(9) defendant had been cited and fined numerous times by governmental authorities for workplace safety violations; (10) subsequent to the collapse of the billboard, the defendant was cited for failing to furnish a place of employment free of recognized hazards; (11) subsequent to the collapse, the defendant acknowledged that the collapse would not have occurred but for the defendant's "acts, conduct and omissions" with regard to the billboard; and (12) the acts and omissions of the defendant constituted "intentional conduct which [d]efendant knew was substantially certain to cause serious injury or death."

---

The issue is whether plaintiffs' complaint sufficiently states a claim pursuant to *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991).

Our legislature has provided that the Workers' Compensation Act provides the exclusive remedy for employees injured in a workplace accident. N.C.G.S. § 97-9; N.C.G.S. § 97-10.1 (1991). There are four exceptions to this general rule: (1) an injured employee may maintain a tort action against a co-employee for intentional injury, *Andrews v. Peters*, 55 N.C. App. 124, 128, 284 S.E.2d 748, 750 (1981), *disc. rev. denied*, 305 N.C. 395, 290 S.E.2d 364 (1982); (2) an injured employee may maintain a tort action against his employer for intentional injury, *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 488, 340 S.E.2d 116, 120, *disc. rev. denied*, 317 N.C. 334, 346 S.E.2d 140 (1986); (3) an injured employee may maintain a tort action against a co-employee for his "willful, wanton and reckless negligence," *Pleasant v. Johnson*, 312 N.C. 710, 716, 325 S.E.2d 244, 249 (1985); and (4) an injured employee may maintain a tort action against his employer if the "employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct."[1] *Woodson*, 329 N.C. at 340, 407 S.E.2d at 228. "Substantial certainty" "is more than the 'mere possibility' or 'substantial probability' of serious injury or death," *Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 159, 461 S.E.2d 13, 16, *disc. rev. allowed*, 342 N.C. 190, 463 S.E.2d 231, *quoting Regan v. Amerimark Bldg. Prods.*, 118 N.C. App. 328, 331, 454 S.E.2d 849, 852, *disc. rev. denied*, 340 N.C. 359, 458

---

1. The Supreme Court has justified treating tort actions against co-employees different from tort actions against employers on the grounds that co-employees "do not finance or otherwise directly participate in workers' compensation programs; employers, on the other hand, do." *Woodson*, 329 N.C. at 342, 407 S.E.2d at 229.

S.E.2d 189 (1995), but is something less than "actual certainty." *Mickles v. Duke Power Co.*, 342 N.C. 103, 110, 463 S.E.2d 206, 211 (1995).

A complaint must be dismissed pursuant to Rule 12(b)(6):

> when one or more of the following three conditions is satisfied: (1) when on its face the complaint reveals no law supports plaintiff's claim; (2) when on its face the complaint reveals the absence of fact sufficient to make a good claim; and (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim.

*Johnson v. Bollinger*, 86 N.C. App. 1, 4, 356 S.E.2d 378, 380 (1987). Thus, a complaint is sufficient "where no 'insurmountable bar' to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim." *Id.* Notice of the nature and extent of the claim is adequate if the complaint contains "sufficient information to outline the elements of [the] claim or to permit inferences to be drawn that these elements exist." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 340 (2d ed. 1990); *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 205, 367 S.E.2d 609, 612 (1988) ("complaint must . . . state enough to give the substantive elements of a legally recognized claim"), *appeal after remand*, 101 N.C. App. 1, 398 S.E.2d 889 (1990), *rev'd on other grounds*, 329 N.C. 646, 407 S.E.2d 178 (1991); *Bynum v. Fredrickson Motor Express Corp.*, 112 N.C. App. 125, 129, 434 S.E.2d 241, 243 (1993) (not sufficient to merely allege elements of claim). The elements of a *Woodson* claim are: (1) misconduct by the employer; (2) intentionally engaged in; (3) with the knowledge that the misconduct is substantially certain to cause serious injury or death to an employee; and (4) that employee is injured as a consequence of the misconduct. *Woodson*, 329 N.C. at 340-41, 407 S.E.2d at 228.

The defendant argues that the complaint in this case does not allege sufficient facts to support a *Woodson* claim. We disagree. The complaint does not reveal an insurmountable bar to recovery and the allegations provide adequate notice of the nature and extent of the claim. The allegations of misconduct, particularly the directing of the plaintiffs to work on the billboard after notice of its dangerous condition, are sufficient to support a reasonable inference that each of the four elements of the *Woodson* claim exist. *See Regan*, 118 N.C. App at 331, 454 S.E.2d at 852 (reversing dismissal of *Woodson* claim).

Reversed and remanded.

Judge McGEE concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring.

I agree with the majority that this matter should be returned to the trial court because the pleadings allege sufficient facts to overcome a 12(b)(6) motion. However, the opportunity should not be lost to point out the continuing dilemma faced by our trial judges and litigators in trying to assess what is needed to set forth a *Woodson* claim.

In all candor, plaintiff's victory may be short lived. In the four occasions that our Supreme Court has applied *Woodson*, the Court has not recognized a claim that would survive pretrial dismissal. In *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 239, 424 S.E.2d 391, 395 (1993), the Supreme Court upheld a Rule 12(b)(6) dismissal finding that plaintiff's allegations did not rise to the level of negligence defined in *Woodson*. Most recently in the trilogy of *Mickles v. Duke Power Co.*, 343 N.C. 103, 463 S.E.2d 206 (1995); *Powell v. S & G Prestress Co.*, 342 N.C. 182, 463 S.E.2d 79 (1995); and, *Echols v. Zarn, Inc.*, 342 N.C. 184, 463 S.E.2d 228 (1995), the Supreme Court found that the claimants had failed to forecast evidence sufficient to set forth a *Woodson* claim and thus concluded that summary judgment was properly allowed in each case. Significantly, our Supreme Court rejected the Restatement of Tort's bomb throwing example as an analogy for defining "substantial certainty," explicitly finding that example defined "actual certainty" which is not required for a successful claim under the *Woodson* exception. *Mickles*, 342 N.C. at 110, 463 S.E.2d at 211.

In short, since creating the *Woodson* exception, the Court has consistently pointed out facts that *do not* establish a *Woodson* claim. However, it remains an uncertainty as to what facts *do* allege a *Woodson* claim sufficient to overcome pretrial dismissal.[1]

At this point, as candidly recognized by the counsels during oral argument, we have the *Woodson* facts and nothing else. As I have

---

1. Our Supreme Court has let stand a reversal by this Court of a Rule 12(b)(6) dismissal on the grounds that sufficient facts were alleged by a claimant to set forth a *Woodson* claim. *See Regan v. Amerimark Building Products, Inc.* 118 N.C. App. 328, 454 S.E.2d 849, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 189 (1995).

stated previously, "[a]fter establishing the 'substantial certainty' standard, the *Woodson* Court did not further define it, except as it found the *Woodson* facts met it." *Powell v. S & G Prestress Co.*, 114 N.C. App. 319, 328, 442 S.E.2d 143, 148 (1994) (WYNN, J., dissenting), *aff'd*, 342 N.C. 182, 463 S.E.2d 79 (1995). This in effect means that "the *Woodson* facts provide the authoritative understanding of 'substantial certainty' . . . ." *See Id.* The problem with this approach is borne out by the difficulty in finding facts that match those in *Woodson.* That is why we have a continuing dilemma—trial advocates are called upon to compare the facts in their case with those in *Woodson*, rather than seeking a determination of whether their particular facts meet the definition of "substantial certainty," irrespective of the *Woodson* facts. The better approach would be to set forth a more articulate standard of law which would lend itself to an application of facts needed to overcome pretrial dismissal.

To be sure, even the *Woodson* facts appear to set forth conduct which could be construed as intentional. Whether the Supreme Court has really created a separate exception by the use of the language "substantial certainty" remains to be seen. In any event, the paradox put to trial judges and litigators and eventually to this Court, could easily be remedied by a decisive directive opinion from our Supreme Court. In addition to clarifying the meaning of the term "substantial certainty," guidance could be gained from articulating factors that the trial court should consider in determining if the evidence is sufficient to be submitted to the jury, e.g., whether there were Federal and State Occupational Safety and Health Acts (OSHA) citations prior to the accident and if so, did the employer respond appropriately; whether the employer willfully failed to enforce either its own safety guidelines or safety measures required by OSHA; whether the employer willfully circumvented specified manufacturer's safety rules; whether the employer through its supervising personnel had knowledge of the dangerous condition; whether the employer willfully failed to provide adequate safety training for inexperienced personnel; whether the employer was aware that the failure to use safety equipment created an inherently dangerous condition that would be substantially certain to lead to death or great injury; whether the employer required the worker to work without necessary safety equipment; whether the employer encouraged and permitted non-compliance with the safety rules among its employees; etc.

In the alternative, our Supreme Court could revisit *Woodson* and declare that the employer's conduct in that case was indeed intentional conduct—an already established exception to the Worker's Compensation Act.

Regardless of which approach is taken, any direction is better than the uncertainty that currently exists with the state of the law on this issue. To paraphrase an observation made by Justice Stevens in a different context,[2] one need not use Justice Stewart's classic definition of obscenity—"I know it when I see it"[3]—as an ultimate determinate of what is sufficient to allege a *Woodson* claim.

———————————

2. *Karcher v. Daggett*, 462 U.S. 725, 755, 103 S.Ct. 2653, 2672, 77 L. Ed. 2d 133 (1983) (Stevens, J., concurring).

3. *Jacobellis v. Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L. Ed. 2d 793 (1964) (Stewart, J., concurring).