JOAN F. TRIVETTE AND TERRY TRIVETTE, HUSBAND AND WIFE, PLAINTIFFS V. PETER EDWARD YOUNT, DEFENDANT

No. COA11-446

(Filed 20 December 2011)

**1. Appeal and Error—interlocutory orders and appeals— denial of 12(b)(6) motion and motion for summary judgment—Workers' Compensation immunity**

The trial court's order denying defendant's motion to dismiss pursuant to Rule 12(b)(6) and defendant's motion for summary judgment was interlocutory, but was immediately appealable. The

denial of a motion to dismiss based on asserted immunity under the Workers' Compensation Act affects a substantial right.

## 2. Workers' Compensation—immunity—Pleasant exception

The trial court correctly denied defendant's motion to dismiss a negligence action pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) by invoking workers' compensation immunity. Although defendant, a school principal, claimed to be the employer of plaintiff, an office assistant, defendant was plaintiff's immediate supervisor and thus a co-employee rather than an employer. Since plaintiffs alleged willful, wanton, and recklessly negligent conduct against a co-employee, they may proceed under the *Pleasant* exception to the Workers' Compensation Act.

## 3. Workers' Compensation—immunity—summary judgment denied

The trial court correctly denied a motion for summary judgment in an action by an office assistant at a school against the principal arising from a practical joke. When viewed in the light most favorable to plaintiffs, the evidence indicated that defendant was aware of the risks posed by his joke but proceeded to act at defendant's expense. The jury could reasonably have concluded that defendant's joke manifested a reckless disregard for plaintiff's safety.

Judge ELMORE dissenting.

Appeal by Defendant from order entered 16 November 2010 by Judge Richard D. Boner in Catawba County Superior Court. Heard in the Court of Appeals 27 September 2011.

*Law Offices of Amos & Kapral, LLP, by Stephen M. Kapral, Jr., and T. Dean Amos, for Plaintiff-appellees.*

*Doughton & Hart PLLC, by Thomas J. Doughton and Amy L. Rich, for Defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Peter Edward Yount ("Defendant") appeals the trial court's order denying his motion to dismiss and denying his motion for summary judgment. On appeal, Defendant contends the trial court erred by (1) exercising subject matter jurisdiction over this matter, as Plaintiffs' remedy is limited to relief under the Workers' Compensation Act and

(2) denying Defendant's motion for summary judgment because even if the trial court's jurisdiction was proper, Defendant's conduct as alleged does not constitute willful, wanton, and reckless negligence. After careful review, we affirm.

## I. Factual & Procedural Background

In October 2008, Defendant was employed as the principal of William Lenoir Middle School. Joan Trivette worked as an office assistant in the school's front office. Ms. Trivette's duties included answering telephones and performing general secretarial work for Defendant.

On 23 October 2008, a student discharged a fire extinguisher in one of the school's classrooms. Upon investigation, Defendant determined the safety pin had been removed from the fire extinguisher. To avoid further incident, Defendant directed the school custodian to place the fire extinguisher in the front office of the school. The following day, Defendant placed the fire extinguisher on or near Ms. Trivette's desk. According to Ms. Trivette, Defendant began joking around and pretended to spray Ms. Trivette with the fire extinguisher. Suddenly, the fire extinguisher discharged, spraying Ms. Trivette with a powder-like chemical substance. Defendant admits handling the fire extinguisher at the precise moment it discharged, but asserts he intended only to move the fire extinguisher into his office for "safety precautions," and, further, he was not joking around with the fire extinguisher, nor did he point it at Ms. Trivette.

A few days after the incident, Ms. Trivette experienced a sharp pain in her chest and sought medical treatment. It was determined that Ms. Trivette had inhaled some of the powder-like substance emitted from the fire extinguisher, causing damage to her lungs and aggravating a preexisting neuromuscular condition.[1] Prior to the incident, Ms. Trivette was an active bike rider and bowled regularly with the school's bowling team. Presently, Ms. Trivette has difficulty with basic activities, such as vacuuming, showering, and styling her own hair.

On 23 March 2010, Ms. Trivette and her husband Terry Trivette (collectively, "Plaintiffs") filed a complaint against Defendant alleging gross negligence and loss of consortium. The complaint alleges

---

1. Ms. Trivette was diagnosed with myasthenia gravis in 1991. Prior to the incident in question, she had been in remission and off medication since 1996.

Defendant's actions aggravated Ms. Trivette's pre-existing medical condition and caused her serious permanent bodily injury. The complaint further alleges Ms. Trivette has incurred medical and other expenses, lost wages, and a decreased earning capacity as a result of Defendant's conduct.

Defendant filed an answer to Plaintiffs' complaint on 2 June 2010. In his answer, Defendant raises several defenses: (1) Plaintiffs failed to state a claim upon which relief could be granted, as Defendant was immune from suit pursuant to governmental or sovereign immunity; (2) the trial court lacked personal jurisdiction over Defendant and also lacked subject matter jurisdiction; (3) Plaintiffs' claims were barred by the doctrines of waiver, laches, or estoppel; (4) Plaintiffs failed to mitigate their damages; and (5) Plaintiffs failed to state aggravating factors to support an award of punitive damages.

On 26 August 2010, Plaintiffs amended their complaint to allege that Defendant and the Caldwell County Board of Education waived the defense of sovereign immunity by purchasing insurance. On 28 September 2010, Defendant filed an answer to the amended complaint, raising an additional defense: Ms. Trivette sustained her injuries while working within the scope of her employment, and, therefore, Plaintiffs' claims were barred by the exclusivity of the North Carolina Worker's Compensation Act.

On 8 October 2010, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, asserting: (1) the trial court lacked subject matter jurisdiction over Plaintiffs' claims, as the North Carolina Workers' Compensation Act provided Plaintiffs' exclusive remedy, and (2) Defendant was entitled to summary judgment because, viewing the facts in the light most favor to Plaintiffs, no genuine issue of material fact existed and Defendant's alleged conduct, as a matter of law, did not amount to willful, wanton, and reckless negligence. The trial court denied Defendant's motion in an order entered 16 November 2010. Defendant filed a Notice of Appeal with this Court on 13 December 2010.

## II. Jurisdiction

[1] We note at the outset the trial court's order denying Defendant's motion to dismiss pursuant to Rule 12(b)(1) and motion for summary judgment pursuant to Rule 56(c) is interlocutory. An order is interlocutory "if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in

order to finally determine the entire controversy." *N.C. Dept. of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) (citation omitted). The trial court's order in the case at bar is interlocutory because it did not address and dispose of Plaintiffs' loss of consortium claim.

The general rule is that an interlocutory order is not immediately appealable to this Court. *See Barrett v. Hyldburg*, 127 N.C. App. 95, 98, 487 S.E.2d 803, 805 (1997). An exception to this rule lies where the order affects a substantial right. *See* N.C. Gen. Stat. § 1-277(a) (2009); N.C. Gen. Stat. § 7A-27(d)(1) (2009). "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (quotation marks and citation omitted). "The burden is on the appealing party to establish that a substantial right will be affected." *Id.* "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002).

In *Burton v. Phoenix Fabricators & Erectors, Inc.*, the plaintiffs brought wrongful death actions against the defendant-employer alleging the defendant's intentional tortious conduct resulted in the death of their husbands, who had been employed by the defendant. 194 N.C. App. 779, 781, 670 S.E.2d 581, 582, *review denied*, 363 N.C. 257, 676 S.E.2d 900 (2009). The defendant moved to dismiss the plaintiffs' suit pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, contending the trial court lacked subject matter jurisdiction as plaintiffs' remedy was limited to relief under the Workers' Compensation Act. *Id.* at 781, 676 S.E.2d at 583. The trial court denied the defendant's motion. *Id.* This Court affirmed the trial court's ruling in *Burton v. Phoenix Fabricators & Erectors, Inc.*, 185 N.C. App. 303, 648 S.E.2d 235 (2007). Upon review, however, our Supreme Court specifically held that the trial court's denial of a defendant-employer's motion to dismiss based on asserted immunity under the Worker's Compensation Act "affects a substantial right and will work injury if not corrected before final judgment." *Burton v. Phoenix Fabricators & Erectors, Inc.*, 362 N.C. 352, 352, 661 S.E.2d 242, 242-43 (2008). Accordingly, we must conclude the trial court's order in the instant case affects a substantial right and this Court exercises jurisdiction over Defendant's appeal pursuant to North Carolina General Statutes §§ 1-277(a) and 7A-27(d)(1).

## III. Analysis

### A. Subject Matter Jurisdiction

[2] Defendant first contends the trial court erred in denying his Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, as Plaintiffs' relief is limited to a claim under the Workers' Compensation Act. We disagree.

Rule 12(b)(1) permits a party to contest, by motion, the jurisdiction of the trial court over the subject matter in controversy. *See* N.C. R. Civ. P. 12(b)(1). "We review Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction *de novo* and may consider matters outside the pleadings." *Harris v. Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007). "Pursuant to the *de novo* standard of review, 'the court considers the matter anew and freely substitutes its own judgment for that of the [trial court].' " *Blow v. DSM Pharm., Inc.*, 197 N.C. App. 586, 588, 678 S.E.2d 245, 248 (2009), *review denied*, 363 N.C. 853, 693 S.E.2d 917 (2010) (citation omitted) (alteration in original).

The purpose of the North Carolina Worker's Compensation Act ("the Act") is to "provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law." *Brown v. Motor Inns of Carolina, Inc.*, 47 N.C. App. 115, 118, 266 S.E.2d 848, 849 (1980). According to the Act, "every employer and employee . . . shall be presumed to have accepted the provisions of [the Act] respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of his employment and shall be bound thereby." N.C. Gen. Stat. § 97-3 (2009).

The facts before this Court establish Ms. Trivette sustained injuries while working within the scope of her employment as an office assistant at William Lenoir Middle School. Consequently, the Act is applicable to Ms. Trivette's injuries.

"Where the employer and the employee are subject to . . . the Act, the rights and remedies therein granted to the employee exclude all other rights and remedies in his favor against the employer." *Bryant v. Dougherty*, 267 N.C. 545, 548, 148 S.E.2d 548, 551 (1966). "An employee cannot elect to pursue an alternate avenue of recovery, but is required to proceed under the Act with respect to compensable injuries." *McAllister v. Cone Mills Corp.*, 88 N.C. App. 577, 580, 364 S.E.2d 186, 188 (1988). Our Supreme Court, however, has carved out

two exceptions to the exclusivity of the Act. First, an employee may pursue a common law action against his employer where the "employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct." *Woodson v. Rowland*, 329 N.C. 330, 340, 407 S.E.2d 222, 228 (1991). Second, an employee may recover in a civil action against a co-employee for injuries received as a result of the co-employee's intentional or willful, wanton and reckless conduct (hereinafter referred to as "the *Pleasant* exception"). *Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985).

Plaintiffs' claim alleges Ms. Trivette's injuries were the result of Defendant's willful, wanton, and reckless conduct. The pivotal issue, therefore, is whether Defendant was properly classified as Ms. Trivette's employer or co-employee at the time of the incident. If Defendant was Ms. Trivette's employer, Plaintiffs' remedy is limited to relief under the Act, as Plaintiffs have not alleged intentional conduct in their complaint. On the other hand, if Defendant and Ms. Trivette were co-employees, Plaintiffs may proceed with their common law cause of action against Defendant directly under the *Pleasant* exception.

Defendant contends that "as the top person [in] the school system," he must be classified as Ms. Trivette's employer. We note that our General Statutes define a school principal as "[t]he executive head of the school." *See* N.C. Gen. Stat. § 115C-5(7) (2009). However, "executive" is not synonymous with "employer." Nor can we agree with Defendant's assertion he is the "top person" in the school system. Our General Statutes carefully delineate a hierarchy of administrators within the public school system. The State Board of Education heads our public school system, *see* N.C. Gen. Stat. § 115C-10 (2009), and the local county school board has "general control and supervision of all matters pertaining to the public school in their respective administrative units." N.C. Gen. Stat. § 115C-36 (2009). The local school board has the power to elect and remove a superintendent of schools. N.G. Gen. Stat. § 115C-271 (2009). The superintendent recommends principals for election by the local school board. N.C. Gen. Stat. § 115C-284(a) (2009).

Moreover, the powers and duties of a secondary school principal are set forth in exhaustive detail in North Carolina General Statutes § 115C-288. None of these powers vests a secondary school principal

with the authority to employ any person in *any* position. *See* N.C. Gen. Stat. § 115C-288 (2009). A principal's responsibilities include supervision of the teachers at the school and "any other part of the instructional program." N.C. Gen. Stat. § 115C-287.1(a)(3) (2009). While "any other part of the instructional program" is not defined by statute, this language clearly vests Defendant with supervisory responsibilities extending beyond supervision of teachers at the school. These responsibilities reasonably include supervision of an office assistant, such as Ms. Trivette.

We note it is well established that both a principal and the teachers under the principal's supervision are considered employees of the local school board. *See* N.C. Gen. Stat. § 115-325C et seq. (2009); *Taylor v. Crisp*, 286 N.C. 488, 212 S.E.2d 381 (1975); *Warren v. Buncombe County Bd. of Educ.*, 80 N.C. App. 656, 659, 343 S.E.2d 225, 227 (1986) ("Under the law[,] public school teachers are hired, promoted, dismissed, and disciplined by their employer, *the local school board.*" (Emphasis added)). In light of this precedent, we cannot conclude that Defendant was Ms. Trivette's employer. The school board, which is responsible for paying the salaries of *all* school employees, *see* N.C. Gen. Stat. § 115C-47(21) (2009), is properly classified as the employer of both Defendant and Ms. Trivette.

We conclude Defendant is more properly classified as Ms. Trivette's "immediate supervisor." Our courts have defined an immediate supervisor as a "co-employee" for purposes of workers' compensation. *See Abernathy v. Consol. Freightways Corp.*, 321 N.C. 236, 240-41, 362 S.E.2d 559, 561-62 (1987) (supervisor of injured employee classified as co-employee); *McCorkle v. Aeroglide Corp.*, 115 N.C. App. 651, 653, 446 S.E.2d 145, 147-48 (1994). The facts indicate Ms. Trivette worked directly under Defendant's supervision performing secretarial tasks, further supporting the conclusion that Defendant was her immediate supervisor. Because Defendant is Ms. Trivette's immediate supervisor, not her employer, Defendant and Ms. Trivette are co-employees for purposes of workers' compensation.

The dissent relies primarily upon the fact that Defendant hired Ms. Trivette as evidence that Defendant is Ms. Trivette's employer. We are unaware of any authority establishing that the power to hire is dispositive on this issue. Furthermore, it is seldom true in today's world that the "hiring" party—that is, the party physically extending the invitation of employment through an interview process or otherwise—is the legal employer. The employer often delegates the task of hiring

to mid-level management. This is precisely what happened in the instant case, as Defendant acted on behalf of the school board in hiring Ms. Trivette.

In sum, Ms. Trivette and Defendant are co-employees for purposes of workers' compensation. As Plaintiffs have alleged Defendant's conduct was willful, wanton, and recklessly negligent, Plaintiffs may proceed with their claim against Defendant directly under the *Pleasant* exception. Accordingly, we hold the trial court correctly denied Defendant's motion to dismiss.

## B. Summary Judgment

**[3]** Defendant further contends the trial court erred in denying his motion for summary judgment pursuant to Rule 56(c) of the North Carolina Rules of Civil Procedure. Again, we disagree.

A motion for summary judgment is appropriately granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). "Summary judgment is a somewhat drastic remedy and should be granted cautiously, especially in actions alleging negligence as a basis of recovery." *Dumouchelle v. Duke Univ.*, 69 N.C. App. 471, 473, 317 S.E.2d 100, 102 (1984). "The party moving for summary judgment has the burden of establishing the lack of any triable issue." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). On appeal, this Court must review the entire record, viewing all evidence in the light most favorable to the non-moving party. *Id.*

Defendant asserts he is entitled to summary judgment because no genuine issue of material fact remains, and, viewing the evidence in the light most favorable to Plaintiffs, his conduct did not amount to willful, wanton, and reckless negligence as a matter of law.

" 'Wanton' and 'reckless' conduct is such conduct 'manifesting a reckless disregard for the rights and safety of others.' " *Dunleavy v. Yates*, 106 N.C. App. 146, 155, 416 S.E.2d 193, 198 (1992) (citation omitted). " 'Willful negligence' is 'the intentional failure to carry out some duty imposed by law or contract which is necessary to the safety of the person or property to which it is owed.' " *Id.* (citation omitted).

Our Supreme Court's ruling in *Pleasant* is particularly instructive, as the facts of that case are analogous to the facts presented in the instant case. In *Pleasant*, the plaintiff was walking across a parking lot towards his work site when the defendant, his co-employee, struck and seriously injured the plaintiff with his truck. 312 N.C. at 711, 325 S.E.2d at 246. At trial, the defendant testified he had been "joking" and intended only "to scare the plaintiff by blowing the horn and by operating the truck close to him." *Id.* Our Supreme Court concluded these facts demonstrated willful, wanton, and recklessly negligent conduct and allowed the plaintiff to proceed with his claim outside the Act. *Id.* at 717-18, 325 S.E.2d at 250 ("It would be a travesty of justice and logic to permit a worker to injure a co-employee through such conduct, and then compel the injured co-employee to accept moderate benefits under the Act.").

In the case *sub judice*, Defendant discovered that a student had removed the safety pin from a fire extinguisher. Exercising caution, Defendant instructed the custodian to move the fire extinguisher away from the students and into the school's front office. The following day, despite knowing the safety pin was missing, and despite having acknowledged the risks posed by the fire extinguisher by moving it into the front office, Defendant placed the fire extinguisher on Ms. Trivette's desk. Viewing the evidence in the light most favorable to Plaintiffs, Defendant then picked up the fire extinguisher and pretended to spray Ms. Trivette in a joking manner. Ms. Trivette stated in her affidavit that she warned Defendant "to stop joking around and to put the extinguisher down before it went off." After urging Defendant to replace the safety pin and to remove the fire extinguisher from her desk, Defendant replied: "Oh, you're being such a baby, nothing is going to happen." The fire extinguisher discharged, spraying Ms. Trivette's body and face. The spray aggravated Ms. Trivette's preexisting neuromuscular condition causing extensive injury.

The evidence when viewed in the light most favorable to Plaintiffs indicates Defendant was aware of the risks posed by his "joke," but proceeded to act at Ms. Trivette's expense. This is evidence from which a jury could reasonably conclude Defendant's practical joke manifested a reckless disregard for Ms. Trivette's safety, thereby constituting willful, wanton, and recklessly negligent conduct. Therefore, summary judgment is not appropriate at this stage of the proceedings and the trial court correctly denied Defendant's motion.

**TRIVETTE v. YOUNT**

[217 N.C. App. 477 (2011)]

## IV. Conclusion

For the foregoing reasons, the trial court's order is

Affirmed.

Judges MCGEE concurs.

Judge ELMORE dissents in a separate opinion.

ELMORE, Judge, dissenting.

I respectfully disagree with the majority's conclusion that defendant should be classified as Ms. Trivette's co-employee. As a result, I would reverse and remand the trial court's order, with instructions to grant defendant's motion to dismiss.

The majority states that defendant's argument on appeal is that he is "the top person in the school system." In turn, the majority provides a detailed hierarchy of the administrators within the public school system, in an attempt to refute defendant's claim. However, it is clear from defendant's brief filed with this Court, that the majority has misstated defendant's argument. In his brief, defendant does not argue that he is the top person in the *school system*; rather, he argues that as principal, he is the top person in the *school* in which he is employed. Defendant further argues that as principal of his school, he is an officer and agent of the school board, and thus, he is properly classified as Ms. Trivette's employer. I agree with defendant's argument.

As the majority has noted, our General Statutes define a school principal as "[t]he executive head of the school." *See* N.C. Gen. Stat. § 115C-5(7) (2009). This Court has further established that a school principal is a public officer. *See Gunter v. Anders*, 114 N.C. App. 61, 67-68, 441 S.E.2d 167, 171 (1994). In *Gunter*, this Court reviewed whether the principal and the superintendent of a particular school system were considered officers or employees of the school board for purposes of liability. We held in *Gunter* that both superintendents and principals are properly classified as public officers, not employees. Furthermore, in *Abell v. Nash County Bd. of Education*, 71 N.C. App. 48, 53, 321 S.E.2d 502, 506 (1984), this Court established that "[b]y statute and under traditional common-law principles, then, the superintendent and principal are agents of the board." Thus, as principal of his school, defendant was both an officer and agent of the school board.

**IN RE FORECLOSURE OF YOPP**

[217 N.C. App. 488 (2011)]

An agent may also be referred to as an "alter-ego." *See State ex rel. Utilities Com. v. Southern Bell Tel. & Tel. Co.*, 326 N.C. 522, 523, 391 S.E.2d 487, 488 (1990) (where the Supreme Court was reviewing whether one company acted as the agent or alter-ego of another company). Therefore, defendant, as an agent of the school board, may also be classified as an "alter-ego" of the school board. This Court has established that one way to determine whether an individual is a co-employee or employer for purposes of Workers' Compensation is to determine whether that person is the "employer in person [or] a person who is realistically the alter ego of the [employer.]" *Dunleavy v. Yates Constr. Co.*, 106 N.C. App. 146, 154, 416 S.E.2d 193, 198 (1992). Here, defendant was an officer, agent, and alter-ego of the employer, the school board. Thus, defendant should be classified as Ms. Trivette's employer at the time of the incident.

As the majority has indicated, the exclusivity of the Workers' Compensation Act does not apply to common law actions by an employee against her employer when that action is based on the intentional conduct of the employer. *Woodson v. Rowland*, 329 N.C. 330, 340-41, 407 S.E.2d 222, 228 (1991). Here, plaintiffs have not alleged intentional conduct in their complaint. Therefore, I believe that plaintiffs' relief is limited to a claim under the Workers' Compensation Act. The decision of the trial court should be reversed, and this case should be remanded to the trial court with instruction to grant defendant's motion to dismiss.