IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-776

Filed: 7 February 2017

Wake County, No. 15 CVS 1191

FRANCISCO FAGUNDES and DESIREE FAGUNDES, Plaintiffs,

v.

AMMONS DEVELOPMENT GROUP, INC.; EAST COAST DRILLING & BLASTING, INC.; SCOTT CARLE; and JUAN ALBINO, Defendants.

Appeal by defendants from order entered 8 March 2016 by Judge Michael J. O'Foghludha in Wake County Superior Court. Heard in the Court of Appeals 30 November 2016.

> *The Jernigan Law Firm, by Leonard T. Jernigan, Jr. and Anthony L. Lucas, and Edwards Kirby, LLP, by William W. Plyler, for plaintiff-appellee.*

> *Young Moore and Henderson, P.A., by Jay P. Tobin, for defendants-appellants.*

DIETZ, Judge.

The central issue in this appeal is whether employees injured while working in "ultrahazardous" jobs may sue their employers in the court system despite the provisions of the Workers' Compensation Act requiring those claims to be pursued at the Industrial Commission.

Plaintiff Francisco "Frank" Fagundes, who seeks to sue his employer for injuries suffered during a blasting accident, acknowledges that this is a novel argument. But he contends that his position is simply a logical extension of our

Supreme Court's decision in *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991).

We disagree. The portion of *Woodson* addressing jurisdiction under the Workers' Compensation Act does not depend on the inherent danger of the occupation. *Woodson* permits injured workers to sue in court if their employer engaged in "misconduct knowing it is substantially certain to cause serious injury or death," regardless of whether the job, ordinarily, is a dangerous one. 329 N.C. at 340, 407 S.E.2d at 228. Fagundes does not argue that he can satisfy the *Woodson* substantial certainty test. He instead argues that his job at a blasting company involved an "ultrahazardous" activity which, at common law, was the subject of a strict liability cause of action in the court system. He argues that, because of the danger of his job and the common law remedies traditionally available to him, he should be permitted to sue in court.

Put another way, what Fagundes wants is not for this Court to extend the reasoning of *Woodson* to a closely analogous set of facts, but to rewrite the Workers' Compensation Act to create an exception that he believes serves important policy purposes. That is not what courts do. When the General Assembly established the exclusive jurisdiction of the workers' compensation system, it chose not to create the exception that Fagundes seeks from the courts. We have no authority to override that legislative decision.

Accordingly, as explained in more detail below, we reverse the trial court's denial of Defendants' motions for summary judgment and remand for entry of an appropriate order and judgment consistent with this opinion.

**Facts and Procedural History**

Defendant East Coast Drilling & Blasting, Inc. is a company that provides construction services, including drilling, blasting, and crushing rock. Defendant Scott Carle is the company's president and CEO. Defendant Juan Albino is a blaster for the company.

On 25 July 2013, Plaintiff Frank Fagundes was performing rock crushing services for the company when debris ejected from a blasting operation that Albino was supervising struck and seriously injured Fagundes. On 29 January 2015, Fagundes sued the company, Carle, and Albino. Among other claims, Fagundes asserted a strict liability claim against all three defendants and a willful, wanton, or reckless negligence claim against Albino.

Defendants moved for summary judgment on 17 December 2015. Among other grounds, Defendants argued that Fagundes failed to forecast sufficient evidence to overcome the exclusivity provision in the Workers' Compensation Act, which severely limits the types of workplace injury claims that can be pursued in the court system.[1] On 8 March 2016, the trial court entered an order partially granting the motion, but

---

[1] Defendants first raised this argument in a 14 April 2015 motion to dismiss. But based on the appellate record, it appears the trial court never ruled on that motion.

denying the motion with respect to Fagundes's strict liability claim and his willful, wanton, or reckless negligence claim against Albino. Defendants timely appealed. This Court has appellate jurisdiction because the denial of a motion concerning the exclusivity provision of the Workers' Compensation Act affects a substantial right and thus is immediately appealable. *Blue v. Mountaire Farms, Inc.*, __ N.C. App. __, __, 786 S.E.2d 393, 397–98 (2016).

**Analysis**

## I. Strict liability claim for injury during an ultrahazardous activity

Defendants first argue that Fagundes's claims are barred because he was injured on the job. Thus, Defendants argue, the Industrial Commission has exclusive jurisdiction over his claims. Fagundes contends that, because he worked in an ultrahazardous occupation (involving blasting), he should be permitted to sue in the courts. Fagundes concedes that this is a novel argument but asserts that it is a logical extension of our Supreme Court's holding in *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991). As explained below, we agree with Defendants.

In general, the provisions of the Workers' Compensation Act "are the exclusive remedy in the event of [an] employee's injury by accident in connection with [his or her] employment." *Reece v. Forga*, 138 N.C. App. 703, 705, 531 S.E.2d 881, 882–83 (2000). Under the Act, "the injured employee may not elect to maintain a suit for recovery of damages for his injuries, but must proceed under the Act." *Id.* As a result,

claims stemming from workplace injuries "are within the exclusive jurisdiction of the Industrial Commission; the superior court has been divested of jurisdiction by statute." *Id.*

In *Woodson*, our Supreme Court created a narrow exception to the exclusivity provision of the Act. *See* 329 N.C. at 340–41, 407 S.E.2d at 228. Under *Woodson*, "if an employer 'intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death' and that conduct causes injury or death, a plaintiff can pursue a civil action against his or her employer." *Trivette v. Yount*, 366 N.C. 303, 306, 735 S.E.2d 306, 309 (2012) (quoting *Woodson*, 329 N.C. App. at 340, 407 S.E.2d at 228). Importantly, nowhere in this analysis did the Supreme Court suggest that the dangerousness of the job itself impacted the *Woodson* test. *Woodson*, 329 N.C. at 337–44, 407 S.E.2d at 226–30.

Fagundes argues that this Court should extend *Woodson* to recognize "that an employer who engages in blasting . . . is not protected by the exclusivity provision" and may be held strictly liable for injuries in a court proceeding. This proposed holding does not follow from *Woodson*'s reasoning—indeed, it runs counter to *Woodson*'s core premise. To be sure, a separate portion of the *Woodson* opinion discussed how a general contractor could be held strictly liable for injuries caused by a subcontractor engaged in an ultrahazardous activity, such as blasting. *Id.* at 350–56, 407 S.E.2d at 234–38. But that analysis came in an entirely separate section of

the opinion, well after the portion addressing the exclusivity provision of the Workers' Compensation Act. In the portion of the opinion that addressed exclusive jurisdiction over workplace injuries, the Court focused on the employer's knowledge and intent, not the dangerousness of the job itself. *Compare id.* at 337–44, 407 S.E.2d at 226–30, *with id.* at 350–56, 407 S.E.2d at 234–38. This is noteworthy because the job at issue in *Woodson*—trenching—also is extremely dangerous. If the Supreme Court believed the dangerousness of the job played a role in its analysis, it would have said so.

Fagundes also focuses on the fact that his job (involving blasting) is the only type of job that our State's courts have found to be "ultrahazardous." *See generally Kinsey v. Spann*, 139 N.C. App. 370, 374, 533 S.E.2d 487, 491 (2000). At common law, one who caused injury or property damage while engaged in an ultrahazardous activity like blasting was held strictly liable. Courts imposed strict liability because ultrahazardous activities were so dangerous that "reasonable care [could not] eliminate the risk of serious harm." *Woodson*, 329 N.C. at 350, 407 S.E.2d at 234. Fagundes argues that, because this special common law rule applied to workers injured on the job, he should be permitted to assert his strict liability claim in the court system.

The obvious flaw in this argument is that the workers' compensation system also imposes strict liability on employers. *See id.* at 338, 407 S.E.2d at 227. Thus, as

Fagundes conceded at oral argument, the only difference between pursuing his claim in court and pursuing it in the Industrial Commission is the possibility of a larger monetary recovery in court. Put another way, Fagundes's argument has nothing to do with the exclusivity analysis our Supreme Court conducted in *Woodson*; rather, Fagundes believes this Court should create a new exception to the Workers' Compensation Act because of the high risk of serious injury in these types of ultrahazardous jobs and the robust common law remedies that were available to workers injured in these types of jobs before our General Assembly created the workers' compensation system.[2]

We must reject this argument. This Court is "an error-correcting body, not a policy-making or law-making one." *Times News Pub. Co. v. Alamance-Burlington Bd. of Educ.*, __ N.C. App. __, __, 774 S.E.2d 922, 927 (2015). We lack the authority to change the law on the ground that it might make good policy sense to do so. If Fagundes believes the Workers' Compensation Act should provide an exception for workers engaged in ultrahazardous activities, he must seek that policy change at the General Assembly.

---

[2] True enough, there were robust remedies at common law. But there were also robust defenses. Even in strict liability cases, for example, defendants could assert assumption of the risk as a defense. *See Pleasant v. Johnson*, 312 N.C. 710, 711, 325 S.E.2d 244, 246 (1985). The General Assembly enacted our workers' compensation system to eliminate much of the uncertainty in workplace accident cases by providing employees with limited but assured remedies. *Id*. at 711–12, 325 S.E.2d at 246–47.

In sum, because Fagundes was injured in a work-related accident, the Workers' Compensation Act provides the exclusive remedy for his injuries, and the trial court lacked jurisdiction to adjudicate his strict-liability claims against his employer. *See Bowden v. Young*, __ N.C. App. __, __, 768 S.E.2d 622, 624 (2015). We therefore reverse the trial court's denial of summary judgment on those claims and remand for entry of an order dismissing those claims for lack of jurisdiction.[3]

## II. *Pleasant* claim against Fagundes's co-employee

Defendant Juan Albino also challenges the trial court's denial of his motion for summary judgment on Fagundes's claim against him under *Pleasant v. Johnson*, 312 N.C. 710, 716, 325 S.E.2d 244, 249 (1985). Because Fagundes did not forecast any evidence showing that Albino's actions while supervising the blast were willful, wanton, or reckless, we agree that the trial court should have entered summary judgment in Albino's favor on this claim.

"[A] defendant, as the moving party, may meet its burden on summary judgment by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce

---

[3] Fagundes also argues that this Court is bound by our decision in *Hargrove v. Billings & Garrett, Inc.*, 137 N.C. App. 759, 529 S.E.2d 693 (2000). That case involved suit by an injured worker against the city that contracted with his employer and whether the city was immune from suit under the public duty doctrine. *Hargrove*, 137 N.C. App. at 761, 529 S.E.2d at 695. The injured worker's employer was not a party to the appeal, and the Court did not address the exclusivity provision of the Workers' Compensation Act.

evidence to support an essential element of his claim." *Camalier v. Jeffries*, 340 N.C. 699, 710–11, 460 S.E.2d 133, 138 (1995).

In *Pleasant*, our Supreme Court held that the Workers' Compensation Act "does not shield a co-employee from common law liability for willful, wanton and reckless negligence." 312 N.C. at 716, 325 S.E.2d at 249. The Court described "wanton" and "reckless" conduct as "manifesting a *reckless disregard* for the rights and safety of others" and defined "willful negligence" as "the *intentional* failure to carry out some duty imposed by law or contract which is necessary to the safety of the person or property to which it is owed." *Id.* at 714, 325 S.E.2d at 248 (emphasis added). "[T]he burden of proof is heavy on a plaintiff who seeks to recover under *Pleasant*." *Trivette*, 366 N.C. at 310, 735 S.E.2d at 311. "[E]ven unquestionably negligent behavior rarely meets the high standard of 'willful, wanton and reckless' negligence established in *Pleasant*." *Id.* at 312, 735 S.E.2d at 312.

The only evidence on which Fagundes relies to support his *Pleasant* claim is five citations for OSHA safety violations stemming from the accident that injured him. He offers proof that Albino was responsible for these five safety violations. But Fagundes concedes that, before his accident, neither Albino nor the company had ever been cited for any OSHA violations, nor had anyone been injured as a result of the company's blasting activities. His argument turns entirely on the fact that the State Department of Labor characterized the safety violations as "egregious."

We hold that these safety violations, while troubling, are insufficient to survive a motion for summary judgment under *Pleasant*. In *Pendergrass v. Card Care, Inc.*, our Supreme Court rejected a *Pleasant* claim against two co-employees who ordered the injured worker "to work at the final inspection machine when they knew that certain dangerous parts of the machine were unguarded, in violation of OSHA regulations and industry standards." 333 N.C. 233, 238, 424 S.E.2d 391, 394 (1993). The Supreme Court held that the knowing violation of these safety regulations did "not rise to the level of the negligence in *Pleasant*." *Id.* The Court elaborated as follows:

> Although [the co-employees] may have known certain dangerous parts of the machine were unguarded when they instructed [the injured employee] to work at the machine, we do not believe this supports an inference that they intended that [the employee] be injured or that they were manifestly indifferent to the consequences of his doing so.

*Id.*

We are unable to distinguish this case from *Pendergrass*. Indeed, the facts in this case arguably are weaker than the facts in *Pendergrass* because Fagundes has not forecast any evidence that Albino *knowingly* violated these safety regulations. In short, after an opportunity to fully engage in discovery, Fagundes remains unable to forecast any evidence for trial that would prove Albino was willfully, wantonly, or recklessly negligent. Accordingly, the trial court should have entered summary judgment in favor of Albino on this claim.

## Conclusion

The trial court erred in denying Defendants' motion for summary judgment. We reverse the trial court's order and remand for entry of an order and judgment consistent with this opinion.

REVERSED AND REMANDED.

Judges CALABRIA and ZACHARY concur.