DIETZ, Judge, concurring.
*854 The Court's holding in this case is compelled by the plain language of the applicable receivership statute enacted by our General Assembly.
*371 The outcome, as the appellees point out in their briefs, is at odds with common law principles that prohibit the assignment or transfer of personal injury claims. See Investors Title Ins. Co. v. Herzig , 330 N.C. 681, 688, 413 S.E.2d 268, 271 (1992). But the General Assembly can reject the common law by statute, and I agree that the plain language of N.C. Gen. Stat. § 1-363 indicates that the legislature did so here.
The appellees also argue, compellingly, that it is bad policy to permit a receiver to take a debtor's personal injury claim against a third party, prosecute it, and give the proceeds to creditors. The most common beneficiaries of this statute are not sympathetic individuals like Mr. Haarhuis, who lost his wife in a tragic accident-they are banks, debt collectors, and other businesses that frequently seek to enforce money judgments against low-income debtors who have no other assets besides their personal injury claim against a third party. But this Court is "an error-correcting body, not a policy-making or law-making one." Fagundes v. Ammons Dev. Grp., Inc. , --- N.C. App. ----, ----, 796 S.E.2d 529, 533 (2017). Our role is not to weigh the merits of the policies underlying a statute, but to interpret and enforce the statute as it is written. Here, the General Assembly could have limited the types of claims subject to post-judgment receivership, but it chose not to. We must honor that policy decision by the legislative branch.